FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

2011 JUL 11  AM 9:42

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JEAN M. THOMAS,

    Plaintiff,

v.    5:11-CV-395-OC-10GJK

FRENCH & FRENCH, LTD. and
RIVERWALK HOLDINGS, LTD.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FRENCH & FRENCH, LTD. ("FRENCH"), placed telephone calls into this District on behalf of Defendant, RIVERWALK HOLDINGS, LTD. ("RIVERWALK").

### PARTIES

3. Plaintiff, JEAN M. THOMAS, is a natural person, and citizen of the State of Florida, residing in Sumter County, Florida.

4. Defendant, FRENCH, is a limited liability company. All of its members are citizen of the State of Kentucky with its principal place of business at Suite 215, 1725 Ashley Circle, Bowling Green, Kentucky 42104.

5. Defendant, RIVERWALK, is a limited liability company. All of its members are citizens of the State of Texas with its principal place of business at 1132 Glade Road, Colleyville, Texas 76034.

6. Defendant, FRENCH, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, RIVERWALK, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, FRENCH, regularly collects or attempts to collect debts for other parties.

9. Defendant, RIVERWALK, regularly collects or attempts to collect debts for other parties.

10. Defendant, FRENCH, is a "debt collector" as defined in the FDCPA.

11. Defendant, RIVERWALK is a "debt collector" as defined in the FDCPA.

12. Defendant, FRENCH, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. Defendant, RIVERWALK, authorized Defendant, FRENCH, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

14. Defendant, FRENCH, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of RIVERWALK.

15. Defendant, RIVERWALK, conveyed information to Plaintiff regarding the alleged debt through Defendant, FRENCH'S telephone calls to Plaintiff.

16. By virtue of its status as a debt collector, RIVERWALK, is vicariously liable to Plaintiff and the class for FRENCH'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

17. Because RIVERWALK is the creditor on whose behalf FRENCH placed the calls, it is vicariously liable to Plaintiff and the class with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message

call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

18. Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

19. Defendant, FRENCH, left the following message on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> July 12, 2010
> Hi, this message intended for Jean Wood. Ms. Wood, my name is Mr. Moore calling from French & French. Trying to reach you in regards to a pending legal matter and a potential court date. It's imperative that you contact my office back once you receive this message. My number's 877-270-8211. Your case number is 26627. It is imperative that we speak in regards to this matter. Do look forward to your call.

20. Defendant, FRENCH, left similar or identical messages on other occasions. (Collectively, "the telephone messages").

21. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

4

22. Defendant, FRENCH, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

23. On July 12, 2010, Defendant, FRENCH, left a message regarding a "pending legal matter and a potential court date" that is likely to mislead the least sophisticated consumer to believe that litigation is imminent when it was not. See *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. 2008).

24. Defendant, FRENCH, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

25. None of Defendant, FRENCH's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

26. Defendant, FRENCH, willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

27. Plaintiff incorporates Paragraphs 1 through 25.

28. Defendant, FRENCH, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, FRENCH and RIVERWALK, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

29.    Plaintiff incorporates Paragraphs 1 through 25.

30.    Defendant, FRENCH, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, FRENCH and RIVERWALK, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III

## FALSE IMPLICATION OF LITIGATION AND OR THE NEED FOR LEGAL COUNSEL

31. Plaintiff incorporates Paragraphs 1 through 25.

32. Defendant, FRENCH's, July 12, 2010 message falsely, deceptively and misleadingly implied the existence or imminence of litigation and a potential court date in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, FRENCH and RIVERWALK, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff incorporates Paragraphs 1 through 21.

34. Defendant, FRENCH, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FRENCH and RIVERWALK, for:

    a. Damages;

    b. a declaration that Defendant's calls violate the TCPA;

c.  a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

d.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>    Donald A. Yarbrough, Esq.
>    Florida Bar No. 0158658